### In re IRONCLAD MFG. CO.

(Circuit Court of Appeals, Second Circuit. January 8, 1912.)

#### No. 98.

BANKRUPTCY (§ 214*)—SECURED CREDITORS—DISPOSITION OF BONDS—INJUNCTION.

Creditors of a bankrupt corporation, who hold its mortgage bonds as collateral security, will not be enjoined from selling them under the pledges.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 327; Dec. Dig. § 214.*]

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the Ironclad Manufacturing Company, bankrupt. On petition to revise an order of the District Court. Order affirmed. See, also, 190 F. 320.

The matter was presented to the Circuit Court of Appeals on the following petition:

The petition of J. Fred Pierson respectfully shows and alleges to this court:

First. That he is engaged in business in the city of New York under the firm name of Pierson & Co.

Second. That he is an unsecured creditor of the Ironclad Manufacturing Company in the sum of seventeen thousand five hundred fifty and 34/100

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

($17.550.34) dollars, and that he is chairman of a committee of unsecured creditors at present representing about forty-four thousand ($44,000.00) dollars of unsecured indebtedness, out of a total of about one hundred twelve thousand ($112,000.00) dollars.

Third. That, upon information and belief, your deponent alleges that the Ironclad Manufacturing Company did, by instrument dated the 30th day of June, 1905, make, execute, acknowledge, and deliver a mortgage on its real estate and personal property to the Guardian Trust Company of New York, to secure the payment of six hundred thousand dollars worth of its bonds. That thereafter the Ironclad Manufacturing Company delivered said bonds to various banks and corporations as collateral security for its indebtedness.

Fourth. That thereafter an involuntary petition in bankruptcy was filed on or about the 23d day of May, 1911, and Appelton C. Clark, Esq., was appointed receiver.

Fifth. Upon information and belief, that some of the said banks and corporations now holding the aforementioned bonds as collateral security for the alleged bankrupt herein are taking steps looking towards the sale of the said bonds.

Sixth. That on or about the 16th day of June, 1911, the unsecured creditors of the alleged bankrupt herein caused Hon. Thomas Ives Chatfield, Justice of the United States District Court for the Eastern District of New York, to issue an order to show cause why an order should not be made and entered restraining the bondholders of the aforementioned bonds of the alleged bankrupt herein from selling them or otherwise disposing of them until sixty (60) days after the election of a trustee herein, and upon the return of the said order to show cause, and argument having been had thereon before Hon. Van Vechten Veeder, Justice of the United States District Court for the Eastern District of New York, the relief therein sought by the unsecured creditors of the alleged bankrupt estate was denied, and thereafter an order was entered to that effect on the 26th day of July, 1911.

Seventh. That your petitioner alleges, upon information and belief, that by the decree and order of the District Court, denying the restraining of the sale of the bonds of the alleged bankrupt herein, a grave error has been committed, and your petitioner feels aggrieved thereby, and that that sale of the aforementioned bonds at this time will result in an irretrievable loss to the unsecured creditors of this alleged bankrupt estate, and your petitioner is desirous, on behalf of the unsecured creditors, to obtain a review with the United States Circuit Court of Appeals for the Second Circuit of the said order.

Wherefore, your petitioner prays that a review may be granted by this honorable court from the order of the United States District Court for the Eastern District of New York, dated the 26th day of July, 1911, and that said order of the District Court be set aside on the ground that it is contrary to law.

The following is the opinion of Van Vechten Veeder, District Judge, in the court below:

After careful consideration I have reached the conclusion that the motion must be denied on the authority of Jerome v. McCarter, 94 U. S. 734, 24 L. Ed. 136.

Motion denied.

Leo Oppenheimer, for petitioner.

C. A. Riegelman and E. B. Essig, for respondents.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM.   Order affirmed, on the opinion of the court below.